```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

NOEL D. CLARK, JR.,

      Plaintiff,

v.                              Case No: 2:21-cv-588-JES-NPM

LINDA DOGGETT, DEENA T.
VOYDATCH, MORGAN VOYDATCH,
SHANIA SHERIDAN, RYAN
SHIRLEY, LEE COUNTY
DEVELOPMENT SERVICES,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on the following two motions to dismiss: (1) Defendant Linda Doggett's (Doggett) Motion to Dismiss (Doc. #5), to which pro se Plaintiff Noel D. Clark, Jr. (Clark or Plaintiff) filed a Response (Doc. #16); and (2) Defendant Lee County Development Services' (Lee County)[1] Motion to Dismiss (Doc. #9), to which Clark filed Objections (Doc. #31). Lee County and Doggett both seek dismissal of Clark's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] As Lee County notes, "Lee County Development Services" is improperly named in this action and "Lee County" is the proper party. See Fla. Stat. § 125.15; Strickland v. Pinellas Cty., 261 So. 3d 700, 701 n.1 (Fla. 2d DCA 2018) (the "County is the proper entity").

The Court finds that the Complaint (Doc. # 1) fails to contain a plausible federal claim and fails to allege a proper basis for diversity of citizenship. There is no other basis for a federal court to exercise jurisdiction over the case, and the Court will, in the exercise of its discretion, decline to entertain the state-court claims. The Complaint is therefore dismissed without prejudice.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

2

551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quotations and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

In considering a motion to dismiss under Rule 12(b)(6), a court generally may not look to matters outside the pleadings. Fed. R. Civ. P. 12(d). A district court may consider the allegations in the complaint, and documents attached as an exhibit to the complaint. Fed. R. Civ. P. 10(c). A district court may also consider: a document not attached to the complaint, but which is incorporated by reference in the complaint, Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); a document attached to a motion to dismiss if (1) the document is central to the plaintiff's claim, and (2) its authenticity is not challenged, Day, 400 F.3d at 1276; SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337

(11th Cir. 2010); and a judicially noticed fact. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278-81 (11th Cir. 1999); Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 (11th Cir. 2015). Otherwise, consideration of extrinsic evidence requires the Court to convert a motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d).

Pro se pleadings are held to a less stringent standard than one drafted by an attorney and are liberally construed. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Id.

**II.**

The following facts are taken from the Complaint (Doc. #1) and the documents which the Court may properly consider in determining a motion to dismiss (Doc. #9 Exhibits). This civil action relates to Clark's purchase of real property located at 7886/7890 Marx Drive in North Fort Myers, Florida, (the Property) at a Lee County tax deed sale on December 15, 2020. According to Clark, the Property had been used as a location to buy and sell various types of drugs for at least four years prior to his purchase of the Property. (Doc. #1, ¶¶ 11-12.) The Property was

4

the subject of code violations and health violations. (Id. at ¶¶ 13, 14.) Defendants Deena and Morgan Voydatch (the Voydatchs), and Defendant Shania Sheridan (Sheridan) owned the Property at that time. (Id. at ¶ 11.)

On July 18, 2019, a Lee County Hearing Examiner issued an Order Imposing a Fine after it had been established that the owners of the Property had not cured the violation (nuisance accumulation of two broken and inoperable campers on the property) found at the Property. (Doc. #9, Ex. 1.) The Order Imposing a Fine ordered the interested property owners to pay a $25.00 fine per day until the violations were cured. (Id.) The Order Imposing a Fine was filed in the public records of Lee County on August 14, 2019, and thereby became a lien on the Property.[2]

On September 17, 2020, a Tax Collector's Certification was filed stating that the holder of a tax sale certificate for the Property had made a written application for a tax deed with the Lee County Tax Collector. (Doc. #9, Ex. 2, pp. 20, 42.) The Voydatchs and Sheridan were sent notices of the application for the tax deed. (Id., Ex. 2, p. 23.)

---

[2] A certified copy of a code enforcement board order imposing a fine may be recorded in the public records of the county and subsequently such order shall constitute a lien against the land upon which the violation exists and upon any other real property or personal property which is owned by the violator. Fla. Stat. § 162.09(3).

5

Clark asserts that prior to the December 15, 2020 tax deed sale he reached an agreement with the Voydatchs concerning the Property. Clark would pay the outstanding code enforcement amounts in exchange for the Voydatchs executing quitclaim deeds to Clark and peacefully moving off the premises. (Doc. #1, ¶¶ 16-18.) Clark suggests that this agreement with the Voydatchs also applied to Sheridan. (Id., ¶¶ 16, 23.) The Voydatchs did execute quitclaim deeds to Clark, but refused to move off the Property and stripped the Property for scrap metal after he purchased it. (Id., ¶ 16.)

On December 15, 2020, Clark purchased the tax deed for the Property at a tax deed sale for $33,718.50. (Doc. #9, Ex. 4, p. 45; Doc. #1, ¶ 19.) After the purchase, Lee County recognized Clark as the new owner. (Doc. #9, Ex. 3, p. 44.)

On January 15, 2021, another Order Imposing Fine (the 2021 Fine Order) was issued against the Property, describing new code violations, and requiring a $50.00 per day fine until the violations were cured. (Id., Ex. 3, p. 44.) The 2021 Fine Order recognized Clark's purchase of the Subject Property: "Since the date of Order Finding Violation, there has been a change in property ownership. The current property owner is CLARK NOEL D. JR." (Id., p. 44.) The 2021 Fine Order was sent to the Voydatchs, Sheridan, and Clark. (Id.) On February 4, 2021 the Fine Order

6

was recorded in the public records of Lee County and became a lien on the Property. (Id.)[3]

Clark asserts there were overages of $26,222.32 from the tax sale and, by virtue of quitclaim deeds from the Voydatchs, he is entitled to all the overage. (Doc. #1, ¶¶ 17, 19.) Clark alleges that the Lee County Clerk of Courts has failed to remit the overage from the tax deed sale to him. (Id., ¶ 19.)

The Complaint asserts six "counts" consisting of one federal claim and five state-law claims: (1) constitutional due process violation against Lee County; (2) overage owed in the amount of $26,222.32 against Doggett, Shirley, the Voydatchs, and Sheridan; (3) conspiracy against the Voydatchs and Shirley; (4) fraud against the Voydatchs and Shirley; (5) damages against Sheridan; and (6) damages against the Voydatchs. (Id.)

### III.

The Court first addresses Count 1, Clark's sole federal claim, which asserts a violation of due process against Lee County. For the reasons set forth below, the Court finds that Count 1 does not state a plausible federal due process violation claim.

Clark alleges that Lee County knew about his agreement with the Voydatchs prior to the tax deed sale, he attempted to contact Lee County about curing the violations and the continued fines,

---

[3] See n.2, supra.

and Lee County refused to converse with him, in violation of his due process rights. (Doc. #1, ¶ 20; Doc. #31, pp. 1, 3-4.) Clark states that Lee County failed to provide him with due process because he tried multiple times to reach out to Lee County by telephone and letter, and Lee County refused to acknowledge him or respond to his communications. (Id.)

As an initial matter, the Court does not share Lee County's concern about Clark's repeated references to "Florida law" in connection with his due process claim. The Complaint clearly states that the claim is asserted under the due process provision of the U.S. Constitution (Doc. #1, ¶ 20), and this allegation is incorporated into Count 1. (Id. at ¶ 25.) Not only is a *pro se* litigant entitled to greater leeway in his pleading, but the Constitution and federal laws passed pursuant to it "are as much laws in the States as laws passed by the state legislature." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 367 (1990).

The Fourteenth Amendment to the United States Constitution guarantees each citizen that no State shall "deprive any person of life, liberty, or property, without due process of law ...." U.S. Const., amend. XIV, § 1. The Supreme Court has determined that the Due Process Clause provides both procedural and substantive rights. Zinermon v. Burch, 494 U.S. 113, 125 (1990); Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir. 2005). It is unclear from Clark's

Complaint whether he asserts a substantive or procedural due process claim, so the Court discusses both.

### (1) Substantive Due Process

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). "[F]undamental rights in the constitutional sense do not include 'state-created rights,'" so state-created rights are generally not protected by substantive due process. Hillcrest Prop., LLP v. Pasco County, 915 F.3d 1292, 1297-99 (11th Cir. 2019). "Garden-variety property rights do not meet this standard and thus, as a general proposition, their deprivation does not in and of itself concern the concept of ordered liberty." PBT Real Estate, LLC v. Town of Palm Beach, 988 F.3d 1274, 1283-84 (11th Cir. 2021) (citations omitted). An exception to this general proposition exists when an individual's state-created rights are infringed upon by an arbitrary and irrational "legislative act;" however, non-legislative, "executive acts" concerning state-created rights cannot support a substantive due process claim, even if the plaintiff alleges that the government acted arbitrarily and irrationally. Lewis v. Brown, 409 F.3d 1271, 1272-73 (11th Cir. 2005) (citing Greenbriar Village, L.L.C., 345 F.3d at 1263; then citing McKinney, 20 F.3d at 1559).

As Clark acknowledges, his interest in the Property was a state-created property right. (Doc. #31, p. 2.) The fines imposed by the 2021 Fine Order were the result of an executive act involving state-created real property rights. As such, the Complaint fails to state a substantive due process violation against Lee County, and this portion of Count 1 is dismissed.

**(2) Procedural Due Process**

"Generally, due process requires notice and the opportunity to be heard." Lindbloom v. Manatee County, 808 Fed. App'x 745, 750 (citing Grayden v. Rhodes, 345 F.3d 1225, 1236 (11th Cir. 2003)). A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process. Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006) (internal citation omitted). "[A] violation of procedural due process does not 'become complete unless and until the state refuses to provide due process.'" Club Madonna, Inc. v. City of Miami Beach, 924 F.3d 1370, 1378 (11th Cir. 2019) (quoting McKinney, 20 F.3d at 1562).

Clark acknowledged that he received the 2021 Fine Order as the then-current property owner. (Doc. #1, ¶20; Doc. #31, pp. 3.) The 2021 Fine Order stated that it "may be appealed to the Circuit Court if filed within 30 days of the date of the Order." (Doc. #9, p. 44.) The 2021 Fine Order was the result of an administrative

act by Lee County Code Enforcement. (Doc. #9, p. 44.) Florida law established that there was an adequate state process available to Clark. In Florida, an aggrieved party may appeal a final administrative order of an enforcement board to the circuit court. Fla. Sta. § 162.11. "An appeal of a final administrative order to the Florida State Circuit Court satisfies due process because the circuit court has the power to remedy any procedural defects and cure due process violations." Lindbloom, 808 Fed. App'x at 750 (citing Club Madonna, 924 F.3d at 1379). See also Cotton v. Jackson, 216 F.3d 1328, 1330-31 (11th Cir. 2000) ("certiorari [to the state courts] is generally an adequate state remedy").

It makes no difference whether Clark availed himself of these remedies. See McKinney, 20 F.3d at 1565 ("The fact that [the plaintiff] failed to avail himself of the full procedures provided by state law [i.e., the appeal process] does not constitute a sign of their inadequacy."). Lee County's failure to respond to a phone call or letter does not rise to the level of a constitutional violation. This portion of Count 1 is also dismissed.

## IV.

Clark's remaining "counts" are state law claims for damages arising from the alleged overage. The allegations in the Complaint do not allege a complete diversity of citizenship or the minimal jurisdictional about for diversity jurisdiction. Pursuant to 28 U.S.C. § 1367(c)(3), the Court will exercise its discretion and

11

decline to exercise supplemental jurisdiction over the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed).

    **ORDERED:**

1. Lee County's Motion to Dismiss the Complaint (Doc. #9) is **GRANTED** to the extent that Count I is dismissed without prejudice for failure to state a claim. The remaining claims, Counts II through VI, are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

2. Doggett's Motion to Dismiss (Doc. #5) is **GRANTED** to the extent the Court declines to exercise jurisdiction over the remaining claims. The remaining claims, Counts II through VI, are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

3. Because the Court lacks subject matter jurisdiction over the claims against the other defendants, the Complaint is dismissed without prejudice in its entirety.

4. The Clerk shall enter judgment, terminate all deadlines and pending motions, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of January, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Noel Clark (address on file)
Shania Sheridan (address on file)

13